DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
CHRISTOPHER B. WHITMAN, State Bar #223636
KATHERINE B. BEARMAN, State Bar #280561
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4236 [Osborn]
               (415) 554-4240 [Whitman]
               (415) 554-4256 [Bearman]
Facsimile:     (415) 554-3837
E-Mail:        meredith.osborn@sfcityatty.org
               chris.whitman@sfcityatty.org
               kate.bearman@sfcityatty.org

Attorneys for Defendants
PAULO MORGADO, DENNIS CRAVALHO, and
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| FRANCISCO VALLE, | Case No. 21-cv-5636 EMC |
|---|---|
| Plaintiff, | **DEFENDANTS' OPPOSITION IN PART TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** |
| vs. | |
| PAOLO MORGADO, DENNIS CRAVALHO, CITY AND COUNTY OF SAN FRANCISCO, and UNKNOWN OFFICERS OF THE SAN FRANCISCO PD, | Hearing Date:   June 23, 2022<br>Time:           1:30 p.m.<br>Place:          Ctrm 5, 17th Floor |
| Defendants. | Trial Date:    July 10, 2023 |

Defendants City and County of San Francisco (the "City"), Paulo Morgado, and Dennis Cravalho (collectively, "Defendants") oppose in part Plaintiff Francisco Valle's Motion for Leave to File an Amended Complaint (ECF No. 50). Specifically, Defendants object to Plaintiff's request to replead his state-law claims for (1) intentional infliction of emotional distress ("IIED") based on

individual Defendants' alleged post-arraignment misconduct (Ex. A to Pl.'s Mot., ECF No. 50-1, at Count VI) and (2) indemnification under California Government Code § 825 against the City (Ex. A to Pl.'s Mot. at Count XI). This Court has already dismissed those claims under Federal Rule of Civil Procedure 12(b)(6) (*see* ECF No. 30 at 15, 18), and the Court's order constitutes the law of the case. Accordingly, Plaintiff's attempt to replead the claims "to preserve all arguments" is improper, (Ex. A to Pl.'s Mot. ¶ 199 & nn. 2, 3), and the amendments would be futile and prejudicial. For these reasons, discussed more fully below, Defendants respectfully ask this Court to deny Plaintiff's request to amend the complaint to replead the above-mentioned claims.

Separately, Defendants note that although they do not object to Plaintiff's other proposed amendments to the complaint, they plan to challenge the amended complaint in a motion to dismiss.

## LEGAL STANDARD

Plaintiff submits his proposed amended complaint within the stipulated and Court-approved schedule. Plaintiff has not previously amended the complaint. In this circumstance, Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Leave to amend "is not to be granted automatically," however. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (internal quotation marks omitted). A court considers the following five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 738 (internal quotation marks omitted). Amendment is futile where the new allegations would not cure the deficiencies that led to the dismissal of the prior complaint. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011); *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1052 (9th Cir. 2008) (where the first amended complaint contained the same defects as the original complaint, and the appellants "fail[ed] to state what additional facts they would plead if given leave to amend" a second time, "amendment would be futile").

# ARGUMENT

The Court should deny Plaintiff's request to replead his state-law claims for (1) IIED based on alleged post-arraignment misconduct and (2) indemnification against the City under California Government Code § 825.  Amendments to replead these claims would be futile and would cause Defendants prejudice.

Regarding futility, this Court has already dismissed the claims, and the Court's decision is the law of the case.  The law of the case doctrine "ordinarily precludes a court from re-examining an issue previously decided by the same court . . . in the same case." *Moore v. James H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir. 1982).  A court's decision on a factual or legal issue "must be followed in all subsequent proceedings in the same case . . . unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *Id.* at 834 (internal quotation marks omitted); *see also, e.g.*, *Grand Canyon Tr. v. Provencio*, 26 F.4th 815, 821 (9th Cir. 2022) (similar).  Here, Plaintiff does not identify different evidence or a change in controlling authority that would warrant a departure from the Court's prior rulings on the relevant claims.  Nor does Plaintiff argue that the Court's prior rulings were clearly erroneous.  Rather, Plaintiff states that he is repleading the already-dismissed claims "solely to preserve all arguments."  (Ex. A to Pl.'s Mot. ¶ 199 & nn. 2, 3.)  This statement confirms that the claims suffer the same defects as they did when the Court ruled on Defendants' first motion to dismiss; the law of the case governs; and Plaintiff's proposed amendments would be futile.  *See Cervantes*, 656 F.3d at 1042; *Kendall*, 518 F.3d at 1052.

Relatedly, granting Plaintiff leave to replead the relevant claims would prejudice Defendants by forcing them to file a second motion to dismiss those claims.  Defendants should not have to spend time and resources to brief issues this Court has already resolved in their favor.

////

////

////

**CONCLUSION**

For the foregoing reasons, Defendants respectfully ask the Court to deny Plaintiff's request for leave to amend the complaint to replead his state-law claims for (1) IIED based on individual Defendants' alleged post-arraignment misconduct and (2) indemnification against the City under California Government Code § 825.

Date: May 27, 2022

DAVID CHIU
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
CHRISTOPHER B. WHITMAN
KATHERINE B. BEARMAN
Deputy City Attorneys


By: */s/ Meredith B. Osborn*
MEREDITH B. OSBORN

Attorneys for Defendants
PAULO MORGADO, DENNIS CRAVALHO, and
CITY AND COUNTY OF SAN FRANCISCO